IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAYMOND LEON ADAMS, #152-791 | : |
| Petitioner | : |
| v. | : CIVIL ACTION NO. L-09-2669 |
| GREGG L. HERSHBERGER, et al. | : |
| Respondents | : |

**<u>MEMORANDUM</u>**

On October 13, 2009, the Court received for filing this 28 U.S.C. § 2254 Petition for writ of habeas corpus. Docket No. 1. This is the first § 2254 petition filed by Petitioner who, according to the Petition, was convicted on December 7, 1979, sentenced on January 18, 1980, and filed his first state post-conviction petition on April 1, 2004. (Id., at 1-2). On October 28, 2009, Respondents were ordered to file a limited answer as to the timeliness of the Petition, with Petitioner granted additional time to file a reply to the response.

On January 14, 2010, Respondents filed an answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. Docket No. 8. On March 31, 2010, Petitioner filed his Reply. Docket No. 15.

The record shows that subsequent to a Circuit Court for Prince George's County, Maryland jury trial, on December 7, 1979, Petitioner was convicted of multiple counts of first-degree rape and first-degree sexual assault, along with counts of kidnapping, theft and robbery with a dangerous and deadly weapon. On January 18, 1980, he was sentenced by Judge Levin to one life term for one count of first-degree rape and concurrent life sentences for the remaining rape and sexual assault offenses, thirty years consecutive for kidnapping, and a twenty-year consecutive term for robbery. Docket No. 8, Ex. 1. The convictions were affirmed by the Court of Special Appeals of Maryland and the Court of Appeals of Maryland denied certiorari on December 2, 1980. See Adams v. State,

289 Md. 733 (1980).  Petitioner did not seek further review to the U.S. Supreme Court.

On April 1, 2004, Petitioner filed his first post-conviction petition in the Circuit Court for Prince George's County.  On April 6, 2005, Petitioner was granted post-conviction relief and was ordered to receive a new trial on all counts.  While the Court of Special Appeals affirmed the circuit court decision, the Court of Appeals granted the state's petition for writ of certiorari and, by reported opinion filed on October 15, 2008, reversed the decision of the lower courts.  Docket No. 8, Ex. 2.  The Supreme Court denied certiorari on March 23, 2009.  (Id., Ex. 4).

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law.  Among the changes made by this law was the addition of a one-year statute of limitations for habeas challenges to non-capital state court convictions.  See 28 U.S.C. § 2244(d).[1]  This one-year period is, however, tolled while properly filed post-conviction

---

[1] This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

proceedings are pending.

Inasmuch as Petitioner's conviction became final prior to the April 1996 enactment of AEDPA, he had one year from April 24, 1996, to file his § 2254 petition for habeas corpus in this Court.  See Brown v. Angelone, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to the April 24, 1996 enactment of the AEDPA); see also Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Petitioner had until April 24, 1997, to seek federal habeas corpus relief.  The Petition was not filed until October 8, 2009, more than 12 years after the expiration of the limitation period.  Title 28 U.S.C. §  2244(d)(2) provides for statutory tolling of the limitation period while state post-conviction proceedings are pending.  This statutory tolling provision does not benefit Petitioner.  Even when applying the timeline of state court post-conviction filings and proceedings, Petitioner's state collateral review petition was not filed until April 1, 2004.   No properly-filed state post-conviction proceeding was pending from April 24, 1996, to March 31, 2004.  Thus, the statute of limitations period ran unchecked and untolled.

In his original habeas application Petitioner claims that the one-year limitation period does not apply because he was convicted well before the enactment of AEDPA.  In his Reply, Petitioner

---

> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

seemingly claims that that limitation period should be tolled because he submitted "a properly filed" post-conviction petition in the state courts on April 1, 2004. Docket No. 15. He again claims that as AEDPA was passed almost 16 years after his convictions, it should not apply to this case. This argument is unavailing and runs afoul of the underlying intent for enacting the one-year limitation period set out in AEDPA. Moreover, to avoid retroactivity problems, courts have construed the limitation period of §2244(d) to run from AEDPA's effective date, April 24, 1996, in the case of prisoners whose convictions became final prior to that date. As already indicated, this Circuit has provided for a one-year filing "grace period" for those prisoners convicted prior to the AEDPA effective date (April 24, 1996 to April 24, 1997).

Petitioner also claims that there are extraordinary circumstances warranting equitable tolling. He argues that he did not know the law, did not have the funds for an attorney, and neither the state nor the public defender let him know of his right of collateral review and its interplay with the AEDPA limitation period. He further states that he unsuccessfully wrote a number of law schools, attorneys, and judges for assistance from 1992-1999. He asks that the Court review his Petition on the merits in the interest of justice.

The one-year limitation period under §2244 is also subject to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."[2] Id. at 330.

The Court does not find Petitioner's arguments for equitable tolling compelling. See Rouse

---

[2] On March 1, 2010, the Supreme Court heard argument as to whether equitable tolling applies to the one-year limitation period set out in § 2244(d) and, if so, what constitutes "extraordinary circumstances" under the equitable tolling doctrine. See Holland v. Florida, 539 F.3d 1334 (11th Cir. 2008), cert. granted, 130 S.Ct. 398 (09-5327) (2009).

v. Lee, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); Smith v. McGinnis, 208 F.3d 13, 18 (2nd Cir. 2000) (pro se status does not establish sufficient ground for equitable tolling); Felder v. Johnson, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); Francis v. Miller, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

Petitioner was sentenced in 1980, and his habeas corpus Petition is otherwise time-barred under 28 U.S.C. § 2244(d)(1)(A-D). Moreover, his Reply does not present arguable grounds for equitable tolling that would otherwise save his Petition. The Petition shall be dismissed with prejudice.

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability.

April 6, 2010

/s/
_____
Benson Everett Legg
United States District Judge